**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MARCO ANTONIO SANCHEZ,      )
                                      )

          Petitioner,           )        3:04-CV-0609-KJD-RAM
                                        )

vs.                              )
                                       )       **ORDER**

E. K. McDANIEL, *et al.*,           )
                                       )

          Respondents.        )
                                        /

      This action is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, by Marco Antonio Sanchez, a Nevada prisoner represented by counsel. This matter comes before the Court with respect to its merits.

**I.    Procedural History**

      Petitioner was convicted in 1997, following a jury trial, of conspiracy to commit robbery, burglary while in possession of a firearm, first degree kidnapping with the use of a deadly weapon, robbery with the use of a deadly weapon, and grand larceny auto. (Exhibit 12).[1] Petitioner appealed to the Nevada Supreme Court. (Exhibit 13). Petitioner's direct appeal was dismissed on April 20, 1998. (Exhibit 15).

      Petitioner then filed a state habeas petition in the state district court. (Exhibit 17).

---

[1]The exhibits referenced in this Order were provided by respondents in support of the answer and are found in the Court's record at Docket #13 and #14.

1   The state district court denied the petition.  (Exhibit 18).  Petitioner appealed from that ruling, and

2   the Nevada Supreme Court affirmed on May 30, 2002.  (Exhibit 21).

3            On July 24, 2002, this Court received petitioner's *pro se* federal habeas petition,

4   which was assigned case number CV-N-02-0396-DWH-VPC.  (Docket #2 in CV-N-02-0396-DWH-

5   VPC).  Respondents moved to dismiss the petition.  (Docket #10 in CV-N-02-0396-DWH-VPC).  In

6   response, petitioner sought an opportunity to return to state court to exhaust his unexhausted claim.

7   (Docket #16).  By order filed June 2, 2003, the Court granted the motion to dismiss and gave

8   petitioner the option of either abandoning the unexhausted claim or returning to state court to

9   exhaust it.  (Docket #17 in CV-N-02-0396-DWH-VPC).  Petitioner chose to return to state court.

10  (Docket #18 in CV-N-02-0396-DWH-VPC).  On June 30, 2003, the Court entered an order

11  dismissing and administratively closing the case, subject to being re-opened.  (Docket #19 in CV-N-

12  02-0396-DWH-VPC).

13           Petitioner filed a second state habeas petition on July 29, 2003.  (Exhibit 30).  The

14  petition was denied by the state district court on December 31, 2003.  (Exhibit 32).  Petitioner

15  appealed, and the Nevada Supreme Court affirmed on July 8, 2004.  (Exhibit 33).

16           On July 28, 2004, petitioner moved to re-open this action.  (Docket #20, in CV-N-02-

17  0396-DWH-VPC).  On October 25, 2004, the Court granted the motion and re-opened the case under

18  the case number 3:04-cv-0609-KJD-RAM.  (Docket #26 in CV-N-02-0396-DWH-VPC).

19           Petitioner's *pro se* amended petition was filed in the new case.  (Docket #2).  The

20  amended petition sets forth six grounds for relief.  (*Id.*).  Respondents moved for dismissal of the

21  amended petition.  (Docket #3).  By order filed August 26, 2005, the Court denied the motion,

22  without prejudice, because respondents had failed to file necessary portions of the state court record.

23  (Docket #10).

24           On October 3, 2005, respondents filed an answer, along with the complete record of

25  the state court proceedings.  (Docket #12, #13, and #14).

26           On November 15, 2006, attorney Martin R. Boyers filed a notice of representation of

1  petitioner. (Docket #19). The Court granted counsel's motions for extensions of time to file a reply

2  to the answer. (Docket #22 and #25). On February 28, 2007, petitioner, through counsel, filed a

3  reply to the answer. (Docket #26). The Court now addresses the merits of the petition.

4  **II.     Federal Habeas Corpus Standards**

5          The Antiterrorism and Effective Death Penalty Act ("AEDPA"), at 28 U.S.C. §

6  2254(d), provides the legal standard for the Court's consideration of this habeas petition:

7                      An application for a writ of habeas corpus on behalf of a
          person in custody pursuant to the judgment of a State court shall not be
8          granted with respect to any claim that was adjudicated on the merits in
          State court proceedings unless the adjudication of the claim –

9
                      (1) resulted in a decision that was contrary to, or involved an
10         unreasonable application of, clearly established Federal law, as
          determined by the Supreme Court of the United States; or

11
                      (2) resulted in a decision that was based on an unreasonable
12         determination of the facts in light of the evidence presented in the
          State court proceeding.

13         The AEDPA "modified a federal habeas court's role in reviewing state prisoner

14 applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are

15 given effect to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693-694 (2002). A state

16 court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28

17 U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the

18 Supreme Court's] cases" or "if the state court confronts a set of facts that are materially

19 indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result

20 different from [the Supreme Court's] precedent." *Lockyer v. Andrade,* 538 U.S. 63, 73 (2003)

21 (quoting *Williams v. Taylor,* 529 U.S. 362, 405-406 (2000) and citing *Bell v. Cone,* 535 U.S. 685,

22 694 (2002)).

23         A state court decision is an unreasonable application of clearly established Supreme

24 Court precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct

25 governing legal principle from [the Supreme Court's] decisions but unreasonably applies that

26 principle to the facts of the prisoner's case." *Lockyer v. Andrade,* 538 U.S. at 75 (quoting *Williams*,

1    529 U.S. at 413).  The "unreasonable application" clause requires the state court decision to be more

2    than merely incorrect or erroneous; the state court's application of clearly established federal law

3    must be objectively unreasonable.  *Id.* (quoting *Williams*, 529 U.S. at 409).

4              In determining whether a state court decision is contrary to, or an unreasonable

5    application of federal law, this Court looks to the state courts' last reasoned decision.  *See Ylst v.*

6    *Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th

7    Cir. 2000), *cert. denied*, 534 U.S. 944 (2001).

8              Moreover, "a determination of a factual issue made by a State court shall be presumed

9    to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness

10   by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

11   **III.    Discussion**

12            **A.  Ground One**

13            In the *pro se* amended petition, filed October 25, 2004, at Docket #2, petitioner

14   asserts the following as Ground One:

15            Whether the district court erred in denying petitioner's request to
          dismiss the kidnapping charge with use of a deadly weapon charge
16        because any such kidnapping was entirely incidental to the robbery,
          thus, trial counsel was ineffective when he failed to properly preserve
17        the issues the district court submitted as an instruction to the jury, all
          in violation of petitioner's rights [under the] Sixth Amendment and
18        Fourteenth Amendments to the U.S. Constitution.

19   (Docket #2, at p. 3).  Respondents argue that this claim is procedurally barred.

20            **1.  Procedural Default Principles**

21            Generally, in order for a federal court to review a habeas corpus claim, the claim must

22   be both exhausted and not procedurally barred.  *Koerner v. Grigas,* 328 F.3d 1039, 1046 (9th Cir.

23   2003).  A federal court will not review a claim for habeas corpus relief if the decision of the state

24   court regarding that claim rested on a state law ground that is independent of the federal question and

25   adequate to support the judgment.  *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

26            The *Coleman* Court stated the effect of a procedural default, as follows:

4

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986).  The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases.  *See Koerner,* 328 F.3d at 1046.

To demonstrate cause for a procedural default, the petitioner must be able to "show that some *objective factor external to the defense* impeded" his efforts to comply with the state procedural rule.  *Murray*, 477 U.S. at 488 (emphasis added).  For cause to exist, the external impediment must have prevented the petitioner from raising the claim.  *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).  Ineffective assistance of counsel may satisfy the cause requirement to overcome a procedural default.  *Murray*, 477 U.S. at 488.  However, for ineffective assistance of counsel to satisfy the cause requirement, the independent claim of ineffective assistance of counsel, itself, must first be presented to the state courts.  *Murray*, 477 U.S. at 488-89.  In addition, the independent ineffective assistance of counsel claim cannot serve as cause if that claim is procedurally defaulted.  *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000).

> With respect to the prejudice prong of cause and prejudice, the petitioner bears: the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension.

*White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989), *citing United States v. Frady*, 456 U.S. 152, 170 (1982).  If the petitioner fails to show cause, the court need not consider whether the petitioner suffered actual prejudice.  *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Roberts v. Arave*, 847 F.2d 528, 530 n.3 (9th Cir. 1988).

**2. Application to the Instant Case**

On return to state court, in his second state habeas petition, filed July 29, 2003,

5

1  petitioner raised the same claim as asserted in Ground One.  (Exhibit 30).  On December 31, 2003,

2  the state district court denied the petition on the grounds that the claims were procedurally defaulted,

3  and found that petitioner had not demonstrated good cause for his failure to raise the claim in his

4  first petition.  (Exhibit 32).  On July 8, 2004, the Nevada Supreme Court affirmed the state court's

5  denial of the petition, concluding that the petition was untimely and successive.  (Exhibit 33).

6  Petitioner's claims were untimely under NRS 34.726, and successive in violation of NRS 34.810.

7  (Exhibit 33, at p. 2).  Both NRS 34.726 and 34.810 have been held on numerous occasions to be

8  adequate state law procedural rules barring federal review.  *See Moran v. McDaniel,* 80 F.3d 1261

9  (9th Cir. 1996); *Bargas v. Burns,* 179 F.3d 1207 (9th Cir. 1999); *Valerio v. Crawford,* 306 F.3d 742

10  (9th Cir. 2002); *Vang v. State of Nevada,* 329 F.3d 1069, 1074 (9th Cir. 2003).

11        Moreover, the Nevada Supreme Court specifically rejected petitioner's claims of

12  inadequate legal training and access to the prison law library, finding that these issues did not

13  demonstrate good cause to excuse the procedural defects.  (Exhibit 33, at pp. 2-4).  This Court also

14  finds that petitioner has failed to demonstrate cause and prejudice to excuse the procedural default.

15  Because Ground One of the federal petition was denied on adequate and independent state law

16  grounds, and petitioner has not demonstrated cause and prejudice to avoid procedural default, this

17  Court is barred from considering the Ground One.

18        **B.  Ground Two**

19        Ground Two of the amended petition is as follows:

20        Petitioner was denied his right to effective assistance of counsel and
          due process of law as provided for and guaranteed by the Fifth, Sixth,
21        and Fourteenth Amendments to the United States Constitution when
          trial counsel failed to adequately investigate and present evidence
22        tending to demonstrate that the alleged check stub of the victim was
          not found in petitioner's pocket, but instead was found in the alleged
23        victim's vehicle.

24   (Docket #2, at p. 5).

25        Ineffective assistance of counsel claims are governed by the two-part test announced

26  in *Strickland v. Washington,* 466 U.S. 668 (1984).  In *Strickland*, the Supreme Court held that a

6

1   petitioner claiming ineffective assistance of counsel has the burden of demonstrating that (1) the

2   attorney made errors so serious that he or she was not functioning as the "counsel" guaranteed by the

3   Sixth Amendment, and (2) that the deficient performance prejudiced the defense. *Williams v.*

4   *Taylor,* 529 U.S. 362, 390-391 (2000) (citing *Strickland,* 466 U.S. at 687).  To establish

5   ineffectiveness, the defendant must show that counsel's representation fell below an objective

6   standard of reasonableness. *Id.*  To establish prejudice, the defendant must show that there is a

7   reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

8   would have been different. *Id.*  A reasonable probability is "probability sufficient to undermine

9   confidence in the outcome." *Id.*  Additionally, any review of the attorney's performance must be

10  "highly deferential" and must adopt counsel's perspective at the time of the challenged conduct, in

11  order to avoid the distorting effects of hindsight. *Strickland,* 466 U.S. at 689.  It is the petitioner's

12  burden to overcome the presumption that counsel's actions might be considered sound trial strategy.

13  *Id.*

14          Ineffective assistance of counsel under *Strickland* requires a showing of deficient

15  performance of counsel resulting in prejudice, "with performance being measured against an

16  'objective standard of reasonableness,'. . . 'under prevailing professional norms.'" *Rompilla v.*

17  *Beard,* 545 U.S. 374, 380 (2005) (quotations omitted).  If the state court has already rejected an

18  ineffective assistance claim, a federal habeas court may only grant relief if that decision was contrary

19  to, or an unreasonable application of the *Strickland* standard. *See Yarborough v. Gentry,* 540 U.S. 1,

20  5 (2003).  There is a strong presumption that counsel's conduct falls within the wide range of

21  reasonable professional assistance. *Id.*

22          Petitioner's claim asserted in Ground Two of the amended federal petition was

23  presented to the Nevada Supreme Court in petitioner's appeal from the denial of his first state habeas

24  petition.  (Exhibits 17 and 21).  The Nevada Supreme Court applied the appropriate standard in

25  *Strickland v. Washington*, 466 U.S. 688 (1984).  The Court concluded that counsel was not

26  ineffective for failing to adequately investigate and present evidence of the location of the victim's

7

1 | check stub.  (Exhibit 21, at pp. 2-3).  Specifically, the Court concluded that petitioner failed to

2 | demonstrate how further investigation of the placement of the victim's check stub – which was

3 | located in petitioner's possession in a search incident to arrest – would have changed the result of the

4 | trial.  (Exhibit 21, at pp. 2-3).

5 |      The factual findings of the Nevada state courts are presumed correct.  28 U.S.C. §

6 | 2254(e)(1).  The Nevada Supreme Court applied the correct federal constitutional standard for the

7 | ineffective assistance of counsel claim.  Petitioner has failed to meet his burden of proving that the

8 | Nevada Supreme Court's decision was contrary to, or involved an unreasonable application of,

9 | clearly established federal law, as determined by the United States Supreme Court, or that it was

10 | based on an unreasonable determination of the facts in light of the evidence presented in the state

11 | court proceeding.  The Court will deny habeas relief with respect to Ground Two.

12 |     **C.  Ground Three**

13 |      In Ground Three, petitioner alleges:

14 |     Petitioner was denied effective assistance of counsel and due process
of law when trial counsel failed to object to the prosecutor's improper

15 | closing argument which tended to shift the burden of proof from the
State and onto the petitioner, and request that the court give the jury

16 | [a] curative instruction regarding the prosecutor's improper argument,
all in violation of petitioner's right under the Fifth, Sixth and

17 | Fourteenth Amendments to the United States Constitution.

18 | (Docket #2, at p. 7).  The Nevada Supreme Court concluded that counsel was not ineffective for

19 | failing to object to the State's closing argument or for failing to request a curative instruction

20 | regarding the closing argument.  (Exhibit 21, at p. 4).  The Court further concluded that the trial

21 | court did not err in denying petitioner's objection that the State's closing argument improperly

22 | shifted the burden of proof.  (*Id.*).

23 |      The factual findings of the Nevada state courts are presumed correct.  28 U.S.C. §

24 | 2254(e)(1).  The Nevada Supreme Court applied the correct federal constitutional standard for the

25 | ineffective assistance of counsel claim.  Petitioner has failed to meet his burden of proving that the

26 | Nevada Supreme Court's decision was contrary to, or involved an unreasonable application of,

8

1  clearly established federal law, as determined by the United States Supreme Court, or that it was

2  based on an unreasonable determination of the facts in light of the evidence presented in the state

3  court proceeding.  The Court will deny habeas relief with respect to Ground Three.

4       **D.  Ground Four**

5         In Ground Four, petitioner alleges:

6           Petitioner was denied effective assistance of counsel and due process
         of law when trial counsel failed to inform the court and request factual

7           inquiry to be conducted to determine whether petitioner was
         prejudiced when the jury saw him in shackles during an afternoon

8           recess from the trial proceedings, thus in violation of petitioner's right
         to the Fifth, Sixth and Fourteenth Amendments to the U.S.

9           Constitution.

10  (Docket #2, at p. 9).  The Nevada Supreme Court rejected petitioner's claim of ineffective assistance

11  of counsel where the jury allegedly saw petitioner shackled and in jail garb during an afternoon

12  recess.  (Exhibit 21, at pp. 4-5).  In concluding that petitioner failed to demonstrate a claim for

13  ineffective assistance of counsel, the Court noted that there was no evidence in the record to suggest

14  that the jury saw petitioner shackled and in jail garb.  (*Id.* at p. 5).

15         The factual findings of the Nevada state courts are presumed correct.  28 U.S.C. §

16  2254(e)(1).  The Nevada Supreme Court applied the correct federal constitutional standard for the

17  ineffective assistance of counsel claim.  Petitioner has failed to meet his burden of proving that the

18  Nevada Supreme Court's decision was contrary to, or involved an unreasonable application of,

19  clearly established federal law, as determined by the United States Supreme Court, or that it was

20  based on an unreasonable determination of the facts in light of the evidence presented in the state

21  court proceeding.  The Court will deny habeas relief with respect to Ground Four.

22       **E.  Ground Five**

23         In Ground Five, petitioner alleges: "Petitioner was denied effective assistance of

24  counsel on direct appeal of [his] right as provided for and guaranteed by the Sixth and Fourteenth

25  Amendments to the United States Constitution."  (Docket #2, at p 11).  The Nevada Supreme Court

26  rejected petitioner's claim of ineffective assistance of appellate counsel.  (Exhibit 21, at p. 5).  The

9

1   Court concluded that the trial court did not err in denying petitioner's claim that the State failed to

2   make known its intent to call crime scene analyst Daniel Ford as a witness until after the trial had

3   begun, particularly were petitioner was given an opportunity to talk to Mr. Ford prior to examination.

4   (*Id.*).  Because petitioner failed to demonstrate that this claim would have had a reasonable

5   probability of success on appeal, the Court concluded that appellate counsel was not ineffective in

6   this regard.  (*Id.*).  The Nevada Supreme Court also rejected petitioner's claim that appellate counsel

7   should have argued on direct appeal that the prosecutor placed improper argument before the jury

8   during closing arguments and improperly shifting the burden of proof to petitioner.  (*Id.* at 6).

9   Specifically, the Court concluded that petitioner failed to demonstrate that the claim would have a

10  reasonable probability of success on appeal, and thus, appellate counsel was not ineffective.  (*Id.* at

11  pp. 6-7).

12          The factual findings of the Nevada state courts are presumed correct.  28 U.S.C. §

13  2254(e)(1).  The Nevada Supreme Court applied the correct federal constitutional standard for the

14  ineffective assistance of counsel claim.  Petitioner has failed to meet his burden of proving that the

15  Nevada Supreme Court's decision was contrary to, or involved an unreasonable application of,

16  clearly established federal law, as determined by the United States Supreme Court, or that it was

17  based on an unreasonable determination of the facts in light of the evidence presented in the state

18  court proceeding.  The Court will deny habeas relief with respect to Ground Five.

19          **F.  Ground Six**

20          As Ground Six, petitioner alleges that: "Petitioner was denied his Fifth, Sixth and

21  Fourteenth Amendment constitutional rights to a fair trial, appeal and due process of law because of

22  the accumulation of errors."  (Docket #2, at p. 13).  The Nevada Supreme Court rejected petitioner's

23  claim that he was denied the right to a fair trial and appeal due to cumulative error.  (*Id.* at p. 7).

24          The factual findings of the Nevada state courts are presumed correct.  28 U.S.C. §

25  2254(e)(1).  Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's

26  decision was contrary to, or involved an unreasonable application of, clearly established federal law,

1  as determined by the United States Supreme Court, or that it was based on an unreasonable

2  determination of the facts in light of the evidence presented in the state court proceeding.  The Court

3  will deny habeas relief with respect to Ground Six.

4  **IV.    Certificate of Appealability**

5          In order to proceed with his appeal, petitioner must receive a certificate of

6  appealability.  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1;  *Allen v. Ornoski,* 435

7  F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir.

8  2001).  Generally, a petitioner must make "a substantial showing of the denial of a constitutional

9  right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529

10  U.S. 473, 483-84 (2000).  "The petitioner must demonstrate that reasonable jurists would find the

11  district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529

12  U.S. at 484).  In order to meet this threshold inquiry, the petitioner has the burden of demonstrating

13  that the issues are debatable among jurists of reason; that a court could resolve the issues differently;

14  or that the questions are adequate to deserve encouragement to proceed further.  *Id.*

15          This Court has considered the issues raised by petitioner, with respect to whether they

16  satisfy the standard for issuance of a certificate of appealability, and determines that none meet that

17  standard.  The Court will therefore deny petitioner a certificate of appealability.

18  **V.    Conclusion**

19          **IT IS THEREFORE ORDERED** that the petition for a writ of habeas corpus is

20  **DENIED IN ITS ENTIRETY.**

21          **IT IS FURTHER ORDERED** that the Clerk **SHALL ENTER JUDGMENT**

22  **ACCORDINGLY.**

23          **IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF**

24  **APPEALABILITY.**

25          DATED: March 26, 2008

26  _____
    UNITED  STATES  DISTRICT  JUDGE